IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ZYRA I. YOUNGBLOOD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 5:13-CV-258 (MTT) |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

## ORDER

Before the Court is the Recommendation of Magistrate Judge Charles H. Weigle. (Doc. 17). The Magistrate Judge recommends affirming the Commissioner of Social Security's decision to deny Plaintiff Zyra I. Youngblood's application for benefits. The Plaintiff has objected to the Recommendation (Doc. 19), and the Commissioner has responded (Doc. 20). The Court has reviewed the Recommendation and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects. The Plaintiff's objection largely reiterates the arguments made in her initial brief: the administrative law judge ("ALJ") erred in discounting (1) the opinion of Dr. Woody, a consultative examiner; (2) the opinion of Dr. Southerland, a treating physician; and (3) evidence regarding the Plaintiff's alleged side effects from medication.

      The Plaintiff initially argues the ALJ erred in failing to find that she suffered from "severe" impairments other than asthma. However, the Eleventh Circuit has noted that failing to find a particular impairment "severe" at step two of the analysis is generally harmless as long as "at step three, the ALJ … demonstrate[s] that it has considered all

of the claimant's impairments, whether severe or not, in combination." *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010).  It is apparent the ALJ considered all of the Plaintiff's impairments at step three by finding the Plaintiff did not have "an impairment or combination of impairments that meets or medically equals the severity of" a listed impairment.   (R. 24). *See Jones v. Dep't of Health and Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991).  Thus, reversal is not warranted on this ground.

Regarding Dr. Woody's opinion, the Plaintiff continues to argue the ALJ erred by failing to discuss Dr. Woody's individual findings.  However, an error[1] to assign weight to every portion of a medical opinion when rejecting it is harmless as long as the ALJ's "rejection of the portions of [the] opinion that are inconsistent with the ALJ's ultimate conclusion [is] based on substantial evidence." *Newberry v. Comm'r, Soc. Sec. Admin.*, 2014 WL 3397672, at *1 (11th Cir.).  The Court agrees that the ALJ's decision to reject portions of Dr. Woody's opinion is based on substantial evidence for the reasons stated in the Recommendation.

The Plaintiff also continues to argue that the ALJ erred in discounting the limitations proposed by Dr. Southerland.  However, the Court agrees with the Recommendation that the ALJ properly articulated "good cause" for discounting Dr. Southerland's opinion regarding limitations and that substantial evidence supports her decision.

Finally, the Plaintiff argues the Magistrate Judge improperly found there was no medical verification for the Plaintiff's alleged medication side effects.  The Plaintiff takes

---

[1] Assuming, of course, this is even error in the first place.  *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision … .").

issue with the Magistrate Judge's conclusion that the ALJ properly rejected Dr. Southerland's questionnaire which indicated the Plaintiff suffered from constipation and drowsiness as side effects.  As stated in the Recommendation, the ALJ discounted Dr. Southerland's opinion because it was "grossly inconsistent with his own treating notes and the evidence as a whole," thus articulating "good cause" to discount the opinion. (R. 26).[2]

The Court has reviewed the Recommendation and the objections, and the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation is **ADOPTED** and made the order of this Court.  Accordingly, the Commissioner's decision is **AFFIRMED**.

**SO ORDERED,** this 13th day of August, 2014.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT

---

[2] The Recommendation does not state, as the Plaintiff contends in her objection, that the ALJ was justified in discounting Dr. Southerland's opinion because it was not a treatment record. Rather, it states there were no references to side effects in the treatment records and that the ALJ properly discounted Dr. Southerland's opinion as being inconsistent with his own treating records.